# SUPREME COURT.

## JOHN CROUSE and others agt. MARINDA C. WHEELER.

Where an appeal is taken to the general term from a judge's order at chambers requiring a judgment debtor in *supplementary proceedings* to pay the judgment, &c., the whole merits of the case are open to review. But it must be a very clear case, to authorize the general term to interfere, on the ground that the decision of the judge is against the evidence before him.

Prior to the amendment of section 292 of the Code in 1867, a judge of the supreme court, who granted an original order in *supplementary proceedings* for the examination of a judgment debtor residing in another judicial district, had power and jurisdiction, *at his chambers, in his own judicial district*, to make any other necessary order to continue and consummate the proceeding to a final determination. (FOSTER, *J.*, dissenting.)

Crouse agt. Wheeler.

*Onondaga General Term, June,* 1867.
*Before* MORGAN, BACON, FOSTER *and* MULLIN, *Justices.*
APPEAL from an order in supplementary proceedings.

LYON & NORTON, *for the defendant.*

I. This case is one that the merits of the whole case may be reviewed upon appeal. (*See Code,* §§ 349, 350 *and* 344.)

II. There is no question made but that any justice of the supreme court may issue an order for a judgment debtor to appear and answer in proceedings supplementary to execution.

1. But such justice has no power to compel the debtor to appear and answer out of the county to which the execution issued. (*Code,* § 292; 14 *Abb.* 251; 37 *Barb.* 24.)

2. The justice's power to issue the order is, no doubt, co-extensive with the state.

3. But as to the place where such proceeding shall be had, *it is otherwise;* it being confined to the county to which the execution issued.

III. The supplementary proceedings under section 292, &c., of the Code, is a proceeding in an action to enforce a judgment; t is not a special proceeding within section 3 of the Code. (15 *How.* 19.)

1. The Code does not require these proceedings to be commenced in the county in which the venue in the action is laid, nor is it left for the judgment creditor to say where they shall be commenced, but compels him to commence them in the county to which the execution issued.

2. This being a proceeding in an action, and having been commenced in Wayne county, it must be continued there.

IV. The obtaining and hearing, upon an order to show cause why the judgment debtor should not be ordered to pay over, is but a continuation of the proceedings supplementary to execution, under section 292 of the Code. (*Code,* § 297; 13 *How.* 382.)

1. Section 292 of the Code does not only contemplate, in its provisions, that the debtor shall appear and answer in

the county to which the execution issued, but the true construction of that section is, that all the proceedings had under that section (which is applicable to this case) must be had in that county.

2. In other words, these proceedings must be continued in the county in which they are commenced.

V. The justice had no jurisdiction to make the order appealed from. (13 *How.* 374, *as to limited jurisdiction.*)

1. The justice would, without doubt, have jurisdiction to make the order, if made in the county, or at least within the district, where the proceedings were commenced.

2. A justice of the fifth district, having once commenced these proceedings in Wayne county, in the seventh district, he must continue them in that district and in that county.

3. If this were a proceeding under subdivision 3 of section 292, a justice of the fifth district, having issued the order to appear, could not even issue a warrant for the arrest of the defendant residing in the seventh district. (9 *How.* 39.) (9 *Barb.* 378, *is not applicable. See* 9 *How. above,* 42.)

4. Much less has a justice of the fifth district the power to compel the debtor, residing in the seventh district, to appear before him, and continue the proceedings in the fifth district. (*See* 9 *How. above, impliedly.*)

5. The justice who commenced these proceedings should have ordered the defendant to appear and show cause before the county judge of Wayne county, or at least before a justice of the seventh district, if he could not attend in person.

6. If his honor Judge MORGAN had ordered the defendant to appear and show cause before him, at a time and place stated, in Wayne county, there would be no question but that he could make the order to pay over, upon a sufficient state of facts.

VI. The plaintiffs in this case have mistaken their remedy; they should have applied for the appointment of a receiver. (5 *How.* 16, *in connection with* 13 *How.* 137.)

VII. The evidence is not sufficient to warrant the issuing

of an order to pay over. (*Code,* § 297; 10 *Abb.* 103; 13 *How.* 137; 4 *Bosw.* 683.)

1. It must appear by positive proof that the debtor has money or property in his possession or under his control which he can deliver over. (*See cases last above cited.*)

2. The defendant's statement may be very unsatisfactory to a creditor, and give rise to a suspicion that he may be concealing money or property, *but that does not warrant such an order.* (22 *How.* 3.)

. 3. The facts in the above case and the present are similar.

4. It does not appear by the evidence in whose hands, or under whose control, the funds are that the plaintiffs are trying to reach. They suspect that the defendant, or some one within her knowledge, has it in control. This is insufficient to warrant the issuing of an order to pay over.

VIII. The order to appear and answer was granted Monday, Nov. 5th, 1866. The examination of defendant was had on Friday, the 9th of November, 1866. (*See Order, date of, and Report of Referee, at folio* 1.)

1. It cannot be claimed by the plaintiffs that defendant made up the story of the money being gone, on the day of the examination, or after these proceedings were commenced.

2. Mr. Musselman, a witness sworn on the part of the plaintiffs, testifies that defendant came to his house last week (which was before the commencement of these proceedings), and told him her money was gone. (*See Referee's Report, at folio* 28.)

IX. The order granted by his honor Judge MORGAN is, that the defendant pay over or that an attachment issue. (*See Order.*)

1. An attachment in such cases is not the remedy; the precept issues to commit directly. The order appealed from, therefore, is not proper. (9 *How.* 97.)

2. An attachment is a process requiring defendant to appear and answer.

3. The process to appear and answer is for contempts other than those for the non-payment of a sum of money.

(2 *R. S.* 435, §§ 4 *and* 5; 2 *Barb. Ch. Pr.* 271; 1 *Hoff. Ch. Pr.* 429.)

X. If the plaintiffs suspected that defendant was endeavoring to conceal her property, they should have examined the other members of the family, and endeavored to have found it, before suspending the examination.

XI. We, therefore, respectfully submit that, for the foregoing reasons, the order appealed from should be reversed, with costs.

PRATT, MITCHELL & BROWN, *for the plaintiffs.*

I. The judge had jurisdiction to make the order appealed from.

1. The venue was in the county of Onondaga.

2. A judge in any part of the state has jurisdiction to make an order for the examination of a debtor, under supplementary proceedings. (*Code,* § 292; 14 *Abb.* 251.)

3. The examination must be in the county in which the debtor resides, but there is no restriction as to the location of the justice of the supreme court who grants the order.

4. If the general rule as to the district and locality in which motions can be made applies, then, as the venue was laid in Onondaga county, the motion for the order appealed from was properly made in that county. (*Code,* § 401, *sub.* 4.)

II. The judge before whom supplementary proceedings are pending is clothed with jurisdiction to order money in the debtor's possession to be paid to the plaintiffs; to satisfy their judgment. (*Code,* § 297; 14 *Abb.* 251; 9 *How.* 97; 17 *How.* 80, 83.)

III. The evidence in this case showed that the debtor had the money in her hands at the time of the examination.

1. Musselman testified that he paid her some $1,135 some two weeks before the examination.

2. She does not claim that she paid out or expended any material amount of it, thus leaving the whole amount in her hands.

3. The claim that she had lost it, or that it has now been placed beyond her control, is a mere pretence and sham.

a. She does not swear that she supposes the money to have been stolen.

b. Her conduct shows that she did not suppose at the time that it was stolen.

1. According to her own statement, she did not tell any one of the pretended loss until some four days after the money was missed, and then she did not tell her husband, but her brother-in-law, Musselman.

2. She did not tell her husband until afterwards, and never told her daughters, nor inquired of them about it.

3. No inquiry has been made in regard to it since by herself or anyone else in her behalf.

4. It is clear, therefore, if the money disappeared from her drawer, she had no apprehension but that it was safe in the hands of some friend or member of the family.

IV. So far as the defendant herself is concerned, she showed herself upon the trial utterly unworthy of credit.

1. She denied, on her examination in the forenoon, that she had received more than about $800 on the note.

2. She denies talking to Musselman about the matter during recess, in which she is contradicted by him.

3. The pretence that, upon her examination in the forenoon, she forgot the receipt of $1,135, some two weeks previously, was manifestly false.

4. The difficulty was, she had not at that time concocted the plan for disposing of the money. That was got up during intermission.

4½. The inference is therefore irresistible that the money is in her possession or under her control, and will be forthcoming when necessary to avoid punishment for contempt.

5. No answer to a creditor's bill in chancery would have been held void, setting up the facts stated in the evidence in this case.

6. In just such a case in New York, a peremptory order to pay over the money was made and sustained. (13 *Abb.* 459.)

V. The objection, that the report does not show that the referee was sworn, is not tenable.

1. The statute does not require a referee to be sworn, except upon the trial of a cause.

2. There is no rule requiring the report to show that he was sworn. The precedents are all the other way. (*Edwards on Referees, see precedents.*)

3. In cases where an oath is required, if parties appear and do not object, the omission will be deemed waived. (*Edw. on Ref.* 107 ; 6 *How.* 278 ; 7 *How.* 41.)

VI. It is clear, therefore, that the order to pay over the money in the possession of defendant, sufficient to pay plaintiff's judgment and costs, was correct, and should be affirmed, with costs.

*Points in Reply.*

I. Motions upon notice must be made within the district in which the action is triable, or in a county adjoining. The order appealed from was made upon a motion requiring notice. It was, therefore, properly made in Onondaga county. (*Code*, § 401, *sub.* 4.)

1. It is conceded that the original order for examination was properly made in this county.

2. It is difficult to perceive why any other motion requiring notice should not be made in the county in which the venue is laid.

3. The examination must be had in the county in which the defendant resides, for the reason that it requires his personal attendance ; but the statute does not require, and there is no reason why it should require, motions connected with the proceedings, and which do not require such per sonal attendance, to be subject to other than the ordinary rules of practice.

4. Clearly, if they may be made out of Wayne county, they may be made in the county where the venue is laid.

II. The order appealed from is not a general order to pay money ; the judgment in the suit is a sufficient order for that purpose. This order is to apply certain property in the hands or under the control of defendant to the pay-

ment of the judgment, and a refusal to do so is a contempt of court.

1. No precept in the nature of an execution can be properly issued in such a case.

2. The defendant is ordered to apply specific property. A refusal to pay is a contempt of court, and the only remedy is by attachment for the contempt.

3. If we can only issue a precept in the nature of an execution, we are no better off than when we started. We could and did issue an execution against the property, which was returned *nulla bona.*

4. An attachment is the only process which can reach the body and compel defendant to disgorge.

III. The other points of the defendant are already sufficiently answered.

*By the court,* BACON, J. The original supplementary order to examine the judgment debtor, in this case, was made by Judge MORGAN, and was ordered to be executed, and the examination taken before a referee in the county of Wayne, in which county the debtor resided, and where the execution had been issued and returned. The examination took place, and a report thereof, and of the entire testimony taken by him, was made by the referee to the judge who issued the order; and thereupon he made another order for the defendant to show cause before him, at his chambers, in Syracuse, on the 18th day of December, 1866, why the defendant should not pay the judgment and costs of the proceeding. Upon this day the counsel for both parties appeared before the judge, at his chambers, and, after hearing them, an order was that day made at chambers, in Syracuse, by Judge MORGAN, that the defendant pay the judgment and costs of the proceedings within ten days, or, in default thereof, that an attachment issue. From this order an appeal is taken to this court.

The counsel for the defendant insists that upon this appeal the whole merits of the case are open to review, and he argues that there is not evidence sufficient to warrant the

issuing of the order. He is probably right in claiming that this is the rule, but I do not think the facts in this case warrant the conclusion he seeks to establish. On the contrary, the evidence seems to me to disclose a very bold and manifest attempt to conceal and convey out of reach money very clearly shown to have been in the defendant's possession, or entirely within her control, at the time of her examination. At any rate, in a case disclosing such very singular and suspicious features, we should hardly feel justified in overruling the decision of the justice before whom the matter came for the exercise of his judicial judgment. It must be a very different case from this which would require or authorize us to interfere on this ground.

The only question then is, whether the judge had the power to make the order of Dec. 18th. The counsel for the defendant insists that he had no jurisdiction to make an order requiring the defendant, who resided in Wayne county, to appear and show cause before him in Onondaga county, or to make any order out of that county or the seventh district. He does not deny the power to make the order for the examination in Wayne county, but he claims that the proceeding having been commenced in that county, it must be continued there, and that the justice issuing the order must, if any further proceeding is taken or order granted, make it returnable before himself in Wayne county, or before some judge or justice in that county or district. There is no case yet reported that has decided anything to this effect, either directly or by implication. It is conceded that a judge can grant an order for the examination of a judgment debtor anywhere in the state, and irrespective of the debtor's residence. The only restriction is, that the examination must be in the county to which the execution was issued. This is all the privilege the judgment debtor has. Where further proceedings are to be had, they are (or rather they were before the amendment of the last winter) to be had and taken before the judge who issued the original order. This is provided for by the 297th section of the Code, which declares that the judge (that is, the judge who issued the

supplementary order) may order any property of the judgment debtor, in the hands either of himself or of any other person, or due to the judgment debtor, to be applied towards the satisfaction of the judgment. The same judge appoints a receiver, and this he can do within his own district, and entirely irrespective of the debtor's residence. The power to order these examinations, and to make all orders intermediate and final, is a special statutory authority conferred upon the justices of the supreme court as such, and to be exercised at chambers; and the power to grant chamber orders is unrestricted save in some special cases, of which this is not one.

In *Webber* agt. *Hobbie* (13 *How.* 382), Judge SMITH decided, at special term, that, after supplementary proceedings have been duly instituted, the jurisdiction of the justice remains until the examination of the debtor is completed, and all orders made by the judge, in respect to the property of the judgment debtor or otherwise, are fully executed. The object of the Code in instituting this mode of proceeding, as is well known, was to supersede the necessity of a creditor's bill in the court of chancery, and the remedy was intended to be co-extensive with that mode of proceeding.

The several provisions should therefore, as Judge SMITH says, be liberally construed, and so as to effect that object.

But again, it may be said that the order appealed from was made upon a motion requiring a notice, and, as the venue in the action was in Onondaga county, the motion was, by subdivision 4 of section 401 of the Code, properly made in the same county.

It may be added that, at the last session of the legislature, an amendment was made to the 292d section of the Code, requiring the judge who grants the supplementary order to designate some judicial officer within the judicial district in which the judgment debtor resides before whom further proceedings shall be had. This is to be deemed, I think, by a clear implication, a concession that, but for this restriction, it was and always had been within the jurisdiction and power of the judge making the order to continue

and consummate the proceeding before him, by any order necessary to conduct it to a final determination and execution. If it were to supply a defect in the law, or create a limitation previously unknown, the legislature must have supposed the necessity for it existed. I see nothing in this amendment in the nature of a declaratory act; a restriction is now imposed which did not before exist.

The order granting the attachment in the alternative was right. The defendant was ordered to apply specific property, and disobedience to it was a contempt, and punishable as such by the judge who made the order. (*Kearney's Case*, 13 *Abb*. 487.)

I think the order appealed from should be affirmed, with costs.

FOSTER, J., dissented.